# IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF ILLINOIS

CLAUDE McGEE, Inmate #B10590,      )
                                   )
            Plaintiff,             )
                                   )
vs.                                )
                                   )       CIVIL NO. 04-878-JLF
EDWARD MAYO, DEBI                  )
MIDDENDOFF, MELODY J. FORD,        )
EUGENE McADORY, ANDREW             )
WILSON AND UNKNOWN PARTIES,        )
                                   )
            Defendants.            )

## MEMORANDUM AND ORDER

**FOREMAN, District Judge:**

Plaintiff, an inmate in the Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983.  Plaintiff previously was granted leave to proceed *in forma pauperis*, and he has tendered his initial partial filing fee as ordered.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
>> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from
such relief.

28 U.S.C. § 1915A.  An action or claim is frivolous if "it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is frivolous and thus subject to summary dismissal.

Plaintiff states that Defendant Mayo told him not to talk to fellow inmate Geoffrey Freeman or to go near his cell (cell 223).  Plaintiff asserts that Defendant Mayo was upset with inmate Freeman because Freeman had filed a lawsuit against him.  Sometime later, while outside of his cell, (presumably on a work assignment to sweep the floor), Plaintiff greeted inmate Freeman, and immediately thereafter Plaintiff was placed on "confinement status," by an unknown corrections officer who stated, "Mayo says you are done for today." Plaintiff also received a disciplinary report for not following a direct order to sweep the floor. The report indicated that instead of sweeping, Plaintiff stood and talked to "a guy in cell 223."  Plaintiff argues that Defendant Mayo breached his duty as an officer by "an egregious failure to act" in not disclosing the "conflicts of interest" to his supervising officer, Plaintiff, and the adjustment committee.  Plaintiff alleges that Defendant Mayo's actions denied him equal protection of the laws, and constituted employment discrimination, and intentional infliction of emotional distress.

Plaintiff next states that Defendant Middendoff, (Menard grievance officer), arbitrarily denied Plaintiff's grievance, (presumably against Defendant Mayo), and did not

further investigate Plaintiff's claims of staff misconduct, thereby breaching her statutory duty to investigate the charges, and denying Plaintiff due process.  Plaintiff further states that Defendant Ford, chairperson of the Administrative Review Board, deprived Plaintiff of his right to redress, due process, and equal protection by "arbitrarily" denying Plaintiff's grievance without a formal hearing and without further investigation into Plaintiff's allegations.

Plaintiff also states that Defendant McAdory, (Menard Warden), denied Plaintiff his civil rights by failing to "control [a] subordinate with a history of misconduct."  Further, plaintiff claims that Defendant McAdory arbitrarily denied Plaintiff's grievances without further investigation, thereby violating due process, equal protection, and Plaintiff's right to redress grievances.  Plaintiff further alleges that McAdory caused intentional infliction of emotional distress.

Plaintiff also claims that Defendant Andrew Wilson, chairperson of the adjustment committee, violated Plaintiff's due process rights by not documenting Plaintiff's objections to the disciplinary proceedings, by not allowing Plaintiff to call witnesses, by denying Plaintiff's requests  to present evidence of "exculpatory value," and by denying Plaintiff a fair and impartial hearing.  Plaintiff further alleges that in the adjustment committee's report, Defendant Wilson misstated part of Plaintiff's testimony such that it rose to the level of slander and libel.  Finally, Plaintiff claims that Defendants John Doe 1 and 2 denied Plaintiff due process by "an inadequate review of the Plaintiff's disciplinary report" and by unlawfully confining him on the basis of the report.

In summary, Plaintiff claims that numerous "rights" were violated by defendants and uses a number of legal terms in his complaint. Plaintiff's nominal invocation of these legal terms does not confer validity to his claims. Plaintiff was instructed on the Court's section 1983 form to state only the facts of his case. Accordingly, the Court will read Plaintiff's complaint for its factual statements alone and determine, based on those facts, the legal arguments reflected in the factual claims. Essentially, Plaintiff states that he believes he was denied due process at each stage of and by each actor in the disciplinary and grievance processes. Although the complaint and exhibits are not clear on the matter, the Court believes that Plaintiff is asserting denial of due process in two separate proceedings: a disciplinary process in which he was punished in some way for disobeying Defendant Mayo's order, and in a grievance process in which Plaintiff filed a complaint against Defendant Mayo.

*Disciplinary Procedure*

In *Wolff v. McDonnell*, 418 U.S. 539 (1974), the Supreme Court set out the minimal procedural protections that must be provided to a prisoner in disciplinary proceedings in which the prisoner loses good time, is confined to a disciplinary segregation, or otherwise subjected to some comparable deprivation of a constitutionally protected liberty interest. *Id.* at 556-572. Without a deprivation of a protected liberty interest, Plaintiff has no due process claim. *See Lekas v. Briley*, 405 F.3d 602, 607 (7th Cir. 2005). The only deprivation Plaintiff asserts is that after he disobeyed Defendant Mayo's order, he was placed on "confinement status." He does not specify the duration of this confinement, but he states that an unknown

- 4 -

officer told him, "Mayo says you are done for today," indicating that the confinement lasted for less than one full day. Plaintiff has no liberty interest in movement outside of his cell. *See Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). Plaintiff does not state that he was denied any other protected liberty interests through any disciplinary hearing process. He does not state that he was put in disciplinary segregation or lost good time credit. Without more, Plaintiff has not stated a protected liberty interest that would trigger due process protection. Without the deprivation of a right secured by the Constitution or laws of the United States, Plaintiff does not state a claim under 42 U.S.C. § 1983. *See Lekas,* 405 F.3d at 606.

## *Grievance Procedure*

To the extent that Plaintiff is asserting denial of due process in the grievance procedures of the prison, the Court notes that "a state's inmate grievance procedures do not give rise to a liberty interest protected by the due process clause." *Antonelli*, 81 F.3d at 1430. The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution. *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091 (7th Cir. 1982). Accordingly, Plaintiff has not stated a valid due process claim.

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice. Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

- 5 -

**IT IS SO ORDERED.**
**DATED:  May 26, 2005.**


<u>                 **s/ James L. Foreman**           </u>
                    **DISTRICT JUDGE**