IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CLAUDE McGEE, Inmate #B10590,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) CIVIL NO. 04-878-JLF |
| | ) |
| **EDWARD MAYO,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

**MEMORANDUM AND ORDER**

**FOREMAN, District Judge:**

      This action comes before the Court on Plaintiff's Quasi Motion for Reconsideration/Request for an Interlocutory Appeal Therefrom (Doc. 12).

      On May 27, 2005, the Court dismissed Plaintiff's case after its review under 28 U.S.C. § 1915A, because the Plaintiff's claims were frivolous and the complaint failed to state a claim (Doc. 7). On June 13, 2005, Plaintiff filed a Motion for Relief from Judgment, pursuant to Rule 60(b)(4) arguing that the Court's judgment was void because Plaintiff had not affirmatively shown that he exhausted his administrative remedies (Doc. 10). The Court construed this filing as a motion to reconsider the judgment under Fed. R. Civ. P. 60(b) and on June, 27, 2005, denied the motion (Doc. 11). Plaintiff now requests that the Court reconsider its June 27 order, again arguing that the Court's judgment was void (Doc. 12). Plaintiff asserts that there exists some type of exhibit confirming his assertion that he was not given written notice of his disciplinary charge and because the Court dismissed the case on the merits of the alleged claims, Plaintiff was not allowed to amend his complaint and file the document.

Plaintiff's exhibit would have had no effect on the Court's adjudication of the merits of his claim.  Plaintiff's due process claim was dismissed because Plaintiff failed to state any deprivation of a liberty interest that would trigger due process protection.  Plaintiff stated that he was told to return to his cell, but did not allege that he was put in disciplinary segregation or lost good time credits.  As stated in the order dismissing Plaintiff's case, Plaintiff has no liberty interest in movement outside his cell.  *See Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996).  Where no liberty interest is implicated, Plaintiff has no entitlement to due process.  This includes being given written notice of the charges against him.  Therefore, the filing of an exhibit indicating that Plaintiff did not receive written notice would not have affected the merits of Plaintiff's due process claim.  As such, Plaintiff's arguments in Documents 10 and 12 have no merit.

Plaintiff makes note of the fact that the Court cited Fed. R. Civ. P. 60(b)(1) in its order denying his Motion for Relief from Judgment when, in fact, he intended that his request for reconsideration be dealt with under Rule 60(b)(4), which asks for reconsideration because the judgment is void.  Plaintiff here cites a difference without any consequence.  The reasons offered by a movant for setting aside a judgment under Rule 60(b) must be something that could not have been employed to obtain a reversal by direct appeal.  *See, e.g., Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000); *Parke-Chapley Constr. Co. v. Cherrington*, 865 F.2d 907, 915 (7th Cir. 1989) ("an appeal or motion for new trial, rather than a FRCP 60(b) motion, is the proper avenue to redress mistakes of law committed by the trial judge, as distinguished from clerical mistakes caused by inadvertence"); *Swam v. United States*, 327 F.2d 431, 433 (7th Cir.), *cert. denied*, 379 U.S. 852 (1964) (a belief that the Court was mistaken as a matter of law in dismissing the original petition does "not constitute the kind of mistake or inadvertence that comes within the ambit of rule 60(b).").

Plaintiff's arguments reflect his disagreement with the Court's analysis of the law. These types of arguments may not be addressed in a motion to reconsider; Plaintiff, therefore is not entitled to relief under Rule 60(b). If Plaintiff believes the Court incorrectly decided the merits of his case, he may file an appeal.

Based on the foregoing,

**IT IS HEREBY ORDERED** that Plaintiff's Quasi Motion for Reconsideration/Request for an Interlocutory Appeal Therefrom (Doc. 12) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: July 27, 2005.**

                                                 s/ *James L. Foreman*
                                                 **DISTRICT JUDGE**