**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **CLAUDE McGEE, Inmate #B10590,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL NO. 04-878-JLF** |
| | ) | |
| **EDWARD MAYO,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM AND ORDER**

**FOREMAN, District Judge:**

This action comes before the Court on Plaintiff's Motion for Relief from Judgment pursuant to Fed. R. Civ. P. 60(b)(4) (Doc. 14).

On May 27, 2005, the Court dismissed Plaintiff's case after its to review under 28 U.S.C. § 1915A, because the Plaintiff's claims were frivolous and the complaint failed to state a claim (Doc. 7). On June 13, 2005, Plaintiff filed a Motion for Relief from Judgment, pursuant to Rule 60(b)(4) arguing that the Court's judgment was void because Plaintiff had not affirmatively shown that he exhausted his administrative remedies (Doc. 10). The Court construed this filing as a motion to reconsider the judgment under Fed. R. Civ. P. 60(b) and on June, 27, 2005, denied the motion (Doc. 11). On July 12, Plaintiff filed a motion for reconsideration of the Court's June 27 order (Doc. 12), arguing again that the Court's judgment was void because there existed a document that would show that Plaintiff did not receive written notice of disciplinary charges filed against him and because the Court dismissed his case on its merits, Plaintiff was not allowed to amend his complaint to file the document. The Court denied this motion because under the Court's due process analysis Plaintiff

failed to state a claim, regardless of whether or not Plaintiff had been able to amend his complaint (Doc. 13).  In the instant motion Plaintiff argues again that the judgment is void because the documents the Court did not see would alter the Court's analysis of his claim.  Plaintiff now includes the documents as exhibits to the motion.

Rule 60(b) provides for relief from judgment for "mistake, inadvertence, surprise, or excusable neglect."  FED.R.CIV.P. 60(b)(1).  However, the reasons offered by a movant for setting aside a judgment under Rule 60(b) must be something that could not have been employed to obtain a reversal by direct appeal.  *See, e.g., Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000); *Parke-Chapley Constr. Co. v. Cherrington*, 865 F.2d 907, 915 (7th Cir. 1989) ("an appeal or motion for new trial, rather than a FRCP 60(b) motion, is the proper avenue to redress mistakes of law committed by the trial judge, as distinguished from clerical mistakes caused by inadvertence"); *Swam v. United States*, 327 F.2d 431, 433 (7th Cir.), *cert. denied*, 379 U.S. 852 (1964) (a belief that the Court was mistaken as a matter of law in dismissing the original petition does "not constitute the kind of mistake or inadvertence that comes within the ambit of rule 60(b).").

The Court has reviewed the documents submitted with the motion and finds that their inclusion in the complaint would not have affected the Court's judgment.  The documents clarify that Plaintiff was moved from to a different cell in a different part of the prison and that he lost his prison job.  Neither of these forms of punishment implicate a liberty interest.  *See Lekas v. Briley*, 405 F.3d 602, 607 (7th Cir. 2005) (prisoner has no liberty interest in remaining in general population); *Garza v. Miller*, 688 F.2d 480, 485 (7th Cir. 1982) (prisoner has no liberty interest in prison employment), *cert. denied* 459 U.S. 1150 (1983).  As stated before, where no liberty interest is implicated, Plaintiff has no entitlement to due process.  This includes being given written notice

of the charges against him.  *See Lekas*, 405 F.3d at 606.

As such, Plaintiff's arguments do not suggest clerical mistake; instead, these arguments challenge the Court's application of the law to the facts alleged in the complaint, which may be addressed in a direct appeal.  Therefore, Plaintiff has not presented any argument warranting relief under Rule 60(b).  If Plaintiff believes the Court incorrectly decided the merits of his case, he may file an appeal.

Based on the foregoing, the instant motion for relief from judgment (Doc. 14) is **DENIED**.

**IT IS SO ORDERED.**
**DATED:  August 26, 2005.**


_____ *s/ James L. Foreman* _____
**DISTRICT JUDGE**

- 3 -